IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK HICKS                                                                                              MOVANT

V.                                                                              NO. 4:20-CR-00074-NBB-JMV

UNITED STATES OF AMERICA                                                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

Federal inmate Derrick Hicks has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Hicks failed to file a reply. The matter is now ripe for resolution. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Hicks' motion will be denied.

## Background Facts and Procedural History

On October 8, 2020, Derrick Hicks was indicted in the Northern District of Mississippi on one count of unlawful possession of a firearm by a convicted felon. Doc. # 1. On January 25, 2021, during a Change of Plea Hearing, Hicks pleaded guilty to Count One of the Indictment which charged him with unlawful possession of a firearm by a convicted felon in violation of Title 18, Section 922(g). Doc. # 18; *see also* Doc. #s 1, 20. The terms of the plea agreement entered into between Hicks and the government, and accepted by the Court, clearly stated that the maximum term of imprisonment for the charge was ten years, per the applicable statute. Doc. # 18; *see also* 18 U.S.C. § 924(a)(2).

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

Following the acceptance of Hicks' guilty plea, the Court ordered the preparation of a presentence investigation report ("PSR"). Doc. # 21. The United States Probation Service issued its PSR on March 15, 2021, finding that Hicks had four violent convictions committed on separate occasions, including one Mississippi conviction from 2003 and three Tennessee convictions from 2011. Due to these previous convictions, the PSR classified Hicks as an armed career criminal which qualified him for the enhanced penalty under the Armed Career Criminal Act ("ACCA"), Title 18, Section 924(e), and U.S.S.G. § 4B1.4. This designation increased the statutory minimum penalty to fifteen (15) years with the possibility of up to life imprisonment. With this designation, the PSR calculated Hicks' guideline range to be 180 months to 210 months.

The PSR served as Hicks' first notice as to his qualification as an armed career criminal. On April 6, 2021, Hicks' counsel filed an objection to the PSR, arguing that this notice was insufficient and further that three of predicate violent convictions should be considered as being committed on the same occasion and count as one offense. Doc. # 24. Counsel also requested an unopposed continuance of the sentencing hearing to consider the impact of the United States' Supreme Court's future ruling in *Wooden v. United States*, which was to be argued in the October 2021 term and would address how courts define "committed on separate occasions" for the purpose of establishing ACCA predicates. Doc. # 26.

On April 15, 2021, the government filed a response to Hicks' objection, arguing that the notice in the PSR satisfied due process requirements under current Fifth Circuit precedent. Doc. # 27. The government did, however, join Hicks in his requested relief, that he be sentenced to the maximum statutory penalty without the ACCA enhancement. *Id.* Alternatively, the government indicated it would have no objection should Hicks wish to withdraw his guilty plea. *Id.*

Hicks appeared with counsel for sentencing on April 26, 2021. Doc. # 30. At the hearing, the Court accepted the parties' agreement of a maximum sentencing range of ten years, or 120 months. The Court denied Hicks' motion to continue and sentenced Hicks to a term of nine years, or 108 months, which fell below the applicable guideline range. Doc. # 32.

On May 27, 2022 Hicks filed a timely *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. # 34. In said motion, Hicks asserts one ground for relief, arguing that trial counsel was ineffective by failing to properly challenge his previous convictions as valid ACCA predicates. *Id.* The government filed a response in opposition on August 1, 2022. Doc. # 38. Hicks failed to file a reply in support of his motion. The matter is now ripe for resolution.

**Legal Standard**

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Accordingly, relief under § 2255 is reserved for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and,

3

would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

Hicks argues that trial counsel was ineffective by failing to properly challenge his prior burglary convictions as valid ACCA predicates. Claims for ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland*, which requires the movant to demonstrate: (1) constitutionally deficient performance by counsel, and (2) actual prejudice as a result of such ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant's failure to prove *either* deficient performance by counsel *or* actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *See Strickland*, 466 U.S. at 697; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

The "deficiency" prong requires a showing that counsel's performance fell below an objective standard of reasonableness as measured by professional norms, such that counsel was not functioning as counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88. Under the "prejudice" prong, the petitioner must demonstrate, to a reasonable probability, that the result of the proceedings would have been different but for the alleged conduct, or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995); *see also Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Absent an affirmative showing of prejudice, there is no merit to a claim of ineffective assistance of counsel. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [the defendant's] right to a fair trial," there is no merit to an

4

ineffective assistance of counsel claim). Consequently, conclusory allegations fail to state an ineffective assistance claim. *See, e.g., Miller*, 200 F.3d at 282 ("Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.")

Hicks' claim fails because he has not shown that counsel provided deficient performance, nor has he shown any prejudice by counsel's alleged deficient performance. As set forth above, Hicks' attorney filed an objection to the PSR, arguing both insufficient notice of the ACCA classification and that Hicks' prior convictions did not satisfy the ACCA classification because three convictions were committed on the same occasion and should count as only one offense. Counsel also moved for a continuance of the sentencing until such time *Woodsen* was decided. These actions hardly constitute deficient performance.

Even assuming, *arguendo*, that Hicks had established deficient performance, he cannot show that his sentence would have been any different had counsel specifically objected on the ground that his burglary convictions were not ACCA predicates. Hicks was ultimately *not* sentenced pursuant to the enhanced penalty under the ACCA classification. The Court, instead, applied the ten-year maximum penalty without the ACCA enhancement, and further imposed a sentence *below* that maximum penalty. As such, Hicks has failed to demonstrate that he was actually prejudiced by counsel's alleged deficient performance. Hicks' claim for ineffective assistance of counsel is, therefore, without merit.

## Certificate of Appealability

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Hicks must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). a COA

will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in a § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## Conclusion

For the reasons set forth herein, Hicks' motion [34] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and a COA from the denial of his § 2255 motion is **DENIED**. A separate final judgment consistent with this memorandum opinion and order will enter today.

**SO ORDERED**, this the 24th day of October, 2022.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**